

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

                    Opinion No. 0-2033
                    Re: Residence of scholastics
                         for purpose of scholastic
                         census enumeration.

        We are in receipt of your letter of March 1, 1940, in which you request the opinion of this department as to whether certain children should be enumerated in school district No. 1. or school district No. 2. in taking the school census.

        You state that A owns two furnished houses, one of which is located in school district No. 1 and the other in school district No. 2. He resided in school district No. 1 until about the week before the first day of April at which time he moved to his house in school district No. 2 where his children had been staying for six months with their aunt while attending school. You further state that on the 1st day of April, A and his wife resided in their residence in school district No. 2 and intended to send their children to the school in said district No. 2.

        Article 2816, Revised Civil Statutes, 1925, provides for the appointment of a census trustee on the 1st day of each January or as soon thereafter as practicable. It is further provided:

> "The census trustee between the 1st day of March and the 1st day of April after his appointment shall take a census of all the children that will be over seven and under eighteen years of age on the 1st day of the following September and who are residents

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable M. F. Kieke, Page 2

of the school district on the 1st day of
April."

The trustee is required to visit the residence
and by actual observation and interrogation determine the
residence and other facts required to be set out in the
census. The person rendering the children is required to
subscribe and swear to the information furnished.

As pointed out in your letter the question of
residence is largely dependent upon the intention of the
person in question and resolves itself into a question of
fact. The general rule is well established that the resi-
dence or domicile of an infant is ordinarily that of the
parent. If the father is living the domicile of the family
and the child follows that of the father. 9 RCL 547; Gulf,
G & S F Ry. Co. vs. Lemons, 109 Tex. 244, 206 SW 75, 4 ALR
943; Deterly vs. Wells (T.C.A. 1932) 53 SW (2d) 847.

While this department is not authorized to pass
upon questions of fact, if the facts set out in your letter
are accepted as true and A moved from his house in district
No. 1 to his house in district No. 2 prior to April 1st,
with the intention of relinquishing his residence in dis-
trict No. 1 and establishing his residence in district No.
2, we are of the opinion that such facts would be sufficient
to establish his residence in district No. 2 as of April 1st
for the purpose of scholastic enumeration of his children
who were also in district No. 2. The residence of the minor
children being that of the father, and assuming that under
all the facts and circumstances the father has changed the
residence of the family to district No. 2, his minor child-
ren should be enumerated in such district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:RS

APPROVED MAR 9, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVE
OPINION
COMMITTE
BY _Bur_
CHAIRMAN